# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KANDI ROBERT STEVEN RUTHERFORD OBAMA**          **PLAINTIFF**
**ADC #178056**

v.                          No: 4:24-cv-00732-BRW-PSH

**DEXTER PAYNE,** *et al.*                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Kandi Robert Steven Rutherford Obama, an inmate at the Arkansas Division of Correction's Maximum Security Unit, filed a *pro se* complaint on August 28, 2024 (Doc. No. 2). His application to proceed *in forma pauperis* has been granted (Doc. No. 3). At the Court's direction, Rutherford Obama filed an amended complaint (Doc. No. 4). The Court has reviewed Rutherford Obama's

amended complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983. Rutherford Obama asserts that all the named defendants are responsible for keeping him in administrative segregation since July 14, 2024, in violation of prison policy. Doc. No. 4 at 4. For the reasons described below, the undersigned finds he fails to describe a viable claim for relief.

First, inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Second, to prevail on a Fourteenth Amendment Due Process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." *See Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). An inmate challenging his placement in a supermax facility or segregating housing must identify the deprivation of a liberty interest to sustain a due process challenge to that assignment. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). The Eighth Circuit

Court of Appeals has interpreted *Sandin* to mean that a prisoner's due process rights are implicated only when there have been "deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences." *Moorman v. Thalacker,* 83 F.3d 970, 972 (8th Cir. 1996). An inmate generally has no liberty interest in avoiding segregated confinement and the suspension of privileges, because such punishment does not create an "atypical and significant" hardship. *Phillips*, 320 F.3d at 847; *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002); *Wilkinson v. Austin,* 545 U.S. 209 (2005). Rutherford Obama alleges he has been held in segregation despite achieving a new classification level and having no investigations or disciplinary actions pending against him. Doc. No. 4 at 4. However, he describes no conditions he is subject to there that constituted an atypical and significant hardship. Rutherford Obama therefore fails to state a viable due process claim.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Rutherford Obama's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 16th day of September, 2024.

_____
UNITED STATES MAGISTRATE JUDGE